IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARTIN VASQUEZ ARROYO,

        Plaintiff,

vs.                            Case No.08-3035-SAC

TAMMY GROSS,

        Defendant.

MEMORANDUM AND ORDER

This civil rights complaint pursuant to 42 U.S.C. § 1983 comes before the Court on Defendant's motion for judgment on the pleadings and/or for summary judgment.

**Procedural background**

Plaintiff, a prisoner, brought this § 1983 case against City Attorney Mark Frame and Officer Tammy Gross. This Court, acting *sua sponte*, previously dismissed all claims against Mr. Frame and found the claims against Officer Gross barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Doc. 6. Alternatively, this Court held that the claims against Officer Gross were barred by the statute of limitations. *Id*. Plaintiff appealed the judgment as to Officer Gross, but not as to Mr. Frame.

The Tenth Circuit reversed the ruling as to Officer Gross, holding that the bar of *Heck v. Humphrey* does not apply to Kansas pre-trial diversion

agreements, such as Plaintiff had here. *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009). Regarding the statute of limitations claim, the Tenth Circuit held that "the district court may not *sua sponte* dismiss a prisoner's § 1983 action on the basis of the statute of limitations unless it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue." 589 F.3d at 1097. The Tenth Circuit found an implication that Plaintiff might be entitled to tolling under Kan. Stat. Ann. § 60-515 for a mental disability because his complaint stated the fact of his incarceration at the Larned Mental Health Correctional Facility. *Id.* Accordingly, the Tenth Circuit remanded the case to permit Plaintiff to address whether any state equitable tolling provision cured his timeliness problem.

After remand, Defendant Gross filed the present motion to dismiss and for summary judgment. In response, Plaintiff, assisted by counsel, has clarified that his only claim against Officer Gross is that she arrested him without probable cause on July 18, 1998.[1] Defendant moves to dismiss Plaintiff's claim pursuant to the statute of limitations. Alternatively, Defendant moves for summary judgment.

---

[1]*See* Doc. 31, p. 4, conceding that officer Gross is not alleged to have forged any agreement, but is alleged to have "initiated the case by arresting him without probable cause and thereby initiating a charge against him which had no basis in fact."

**Statute of Limitations**

The Court first examines Defendant's claim that this case is barred by the statute of limitations. It is uncontested that Plaintiff's arrest was on July 18, 1998, and that this case, alleging illegal arrest, was filed over nine years later, on January 28, 2008. Plaintiff asserts that tolling saves his case.

Under Kansas law, the burden of pleading and proving the applicability of the affirmative defense of the statute of limitations rests on the defendant. *Slayden v. Sixta*, 250 Kan. 23, 26 (1992). The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kansas, that period is two years. K.S.A. 60-513(a)(4). *Hamilton v. City of Overland Park*, 730 F. 2d. 613, 614 (10th Cir. 1984), *cert. denied*, 471 U.S. 1052 (1985). Accordingly, Plaintiff's action is barred unless saved by tolling.

Under Kansas law, the plaintiff bears the burden of proving facts sufficient to toll the statute of limitations. *Slayden*, 250 Kan. at 26. Plaintiff contends that under Kansas law, the two-year period did not start to run until he discovered the allegedly false citation and diversion agreement in May of 2005, and that the statute of limitations was tolled by plaintiff's mental incapacity which began in September of 2005 and continued until he filed this case. *See* K.S.A. 60-515(a). *See* Doc. 31, p. 1.

Plaintiff errs in relying upon the state, rather than the federal law

3

governing the accrual of his cause of action for wrongful arrest.[2] Federal law

governs when the action accrues. *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th

Cir. 2006). Under federal law, a § 1983 claim for arrest without probable

cause accrues on date of the arrest. *See Wallace v. Kato,* 549 U.S. 384, 388

(2007) ("There can be no dispute that petitioner could have filed suit as

soon as the allegedly wrongful arrest occurred, subjecting him to the harm

of involuntary detention, so the statute of limitations would normally

commence to run from that date."); *Laurino v. Tate*, 220 F.3d 1213 (10th

Cir. 2000); *Beck v. City of Muskogee Police Department*, 195 F.3d 553, 558

(10th Cir. 1999) (affirming  the general rule that "causes of action relating

to an allegedly illegal arrest arise at the time of arrest."); *Johnson v.

Pottawotomie Tribal Police Dept.*, 2010 WL 2520064, 5 (D.Kan. 2010) ("The

Tenth Circuit has determined that "[c]laims arising out of police actions

toward a criminal suspect, such as arrest, interrogation, or search and

seizure, are presumed to have accrued when the actions actually occur.").

Plaintiff's cause of action thus accrued on July 4, 1998, the date of his

---

[2]But even if state law governed, the fact of Plaintiff's injury from his allegedly illegal arrest occurred and was reasonably ascertainable to him on the date of that arrest. The state and federal standards are substantially identical. *Compare* K.S.A. 60-513(b) (cause of action for personal injury accrues when the act first causes substantial injury or the fact of injury is reasonably ascertainable); *with Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted) ("[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent."), *cert. denied*, 549 U.S. 1059 (2006).

arrest, and expired two years later.

Plaintiff has not shown any material question of fact regarding his legal incapacity at the time of his arrest or within two years thereafter. *See Martin v. Naik*, 43 Kan.App.2d 591, 599-600 (Kan.App. 2010) ("In the case of an incapacitated person ... [K.S.A. 60-515] applies only to a person who is incapacitated at the time the cause of action accrues or who later becomes incapacitated while the statute of limitations is running.") Because Plaintiff has not shown that tolling may apply, his action is barred by the two-year statute of limitations which began to run on the date of his arrest. The Court finds it unnecessary to reach the parties' arguments concerning the applicability or constitutionality of the Kansas statue of repose.

**Summary Judgment Standard**

Alternatively, the Court finds, for the reasons set forth below, that summary judgment is warranted because Plaintiff's suit against Officer Gross is barred by qualified immunity.

A court grants a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure if a genuine issue of material fact does not exist and if the movant is entitled to judgment as a matter of law. The court is to determine "whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

"Only disputes over facts that might affect the outcome of the suit under the governing law will … preclude summary judgment." *Id.* There are no genuine issues for trial if the record taken as a whole would not persuade a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

To counter a "properly made" motion, the non-movant must "set out specific facts showing a genuine issue for trial" by way of admissible evidence in compliance with Rule 56(e)(1). A party faced with a summary judgment motion may not simply rest on allegations contained in the pleadings, but must come forward with admissible evidence establishing each fact he relies upon. *BancOklahoma Mort. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1097 (10th Cir. 1999). To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Adams v. American Guarantee and Liability Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000). Affidavits must be made on personal knowledge and shall set forth such facts as would be admissible in evidence. Fed.R.Civ.P. 56(c)(4).

The nonmoving party's admissible evidence "is to be believed, and all justifiable inferences are to be drawn in [that party's] favor." *Anderson,* 477 U.S. at 255; *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005). At this stage, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are

jury functions, not those of a judge...." *Anderson*, 477 U.S. at 255. However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita*, 475 U.S. at 587. *See Pinkerton v. Colorado Dept. of Transp.*, 563 F.3d 1052, 1058 (10th Cir.2009).

**Undisputed facts**

The following facts, proposed by Defendant, are based on admissible evidence, and have not been disputed by the Plaintiff.

Plaintiff was arrested by Tammy Gross on July 18, 1998. On July 18, 1998, Plaintiff bit his wife hard enough to leave a mark. Plaintiff called 911, but when the call was answered, Plaintiff's wife would not speak and Plaintiff hung up the phone. When the 911 call was returned, Plaintiff again attempted to convince his wife to speak but she would not. Plaintiff told the operator that he had made the call and that they were fine, and hung up again. Officer Gross was dispatched to the location from which the 911 hang-up calls had been placed. Officer Gross had been told by the dispatcher that the dispatcher had kept trying to return the 911 hang-up call, but the phone would be picked up, then hung up again.

When Officer Gross arrived at the location of the 911 call, the victim, Robin Vasquez, voluntarily consented to Officer Gross's request to enter the house. The victim told Officer Gross and Officer Starks that she and Plaintiff had been arguing earlier, and that at one point Plaintiff had grabbed her,

7

had bitten her breast and had pushed her through the living room. The victim furnished a written statement saying so. Officer Gross observed a bite-shaped bruise on Robin's breast, a scrape on her shoulder, and what appeared to be a bruise under her right eye. Plaintiff voluntarily admitted at the scene that he had bitten Robin. Thereafter, Officer Gross arrested the Plaintiff for domestic battery.

Plaintiff makes no attempt in his response to properly controvert these facts, as is required by Rule 56, or to state his own facts. Instead, he states only that "Plaintiff's factual allegations are set forth in the petition…" Doc. 31, p. 1. Plaintiff's petition was signed, and attached his signed declaration under penalty of perjury that the information in the petition is true and correct. Our local rule expressly includes declarations under penalty of perjury as a valid means of establishing facts for purposes of summary judgment, so the information in the petition could arguably provide the underlying factual support necessary to support or oppose a summary judgment motion. *See* D. Kan. R. 56(d).

But even so, a party opposing summary judgment does not comply with his obligations under the rule by a general allusion to unspecified facts in one's petition. Under the applicable procedural rules, it is the duty of the parties contesting a motion for summary judgment to direct the court to those places in the record where evidence exists to support their positions. *See Caffree v. Lundahl*, 143 Fed. Appx. 102, 106, 2005 WL 1820044, *3

8

(10th Cir. 2005); *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995)). It is not the duty of this court to scour the record which has not been cited by the parties. *Accord United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Thus our local rule requires, among other matters, that each disputed fact be numbered and refer with particularity to the part of the record relied on. See D. Kan. R. 56.1(b)(1), (b)(2). It also provides that "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party." D. Kan. R. 56.1(a). Because Plaintiff has failed to specifically controvert any of the facts properly set forth by Defendant, all of the facts stated above shall be admitted for purposes of this motion.[3]

### § 1983 cases, generally

"To state a claim under section 1983, plaintiff must allege the violation of a right secured by the Constitution and laws of the United States … committed by a person acting under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "Because vicarious liability is inapplicable

---

[3]Even had the Court considered the facts stated in the petition, they fail to raise a material question of fact on this issue. Plaintiff admits that the victim's statements were accurate and admits that he bit her, but contends that the bite was accidental.

to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009); *Henry v. Story*, __ F.3d __, 2011 WL 4537796 *6 (10th Cir. Oct. 3, 2011). A plaintiff who has adequately identified defendants and described their acts in a § 1983 complaint must also allege facts showing a federal constitutional violation, not merely inappropriate action.

### Qualified Immunity

Plaintiff asserts that Officer Gross arrested him without probable cause and thus violated his "… right to be free from false arrest under the 4th and 14th Amendments to the United States Constitution…" Doc. 31, p. 5. Officer Gross responds that she had probable cause to arrest the Plaintiff for domestic battery, and that she is entitled to qualified immunity with respect to that claim. The burden thus shifts to the Plaintiff.

> To defeat the officers' claim of qualified immunity, the [plaintiffs] must show (1) the officers violated their constitutional or statutory rights, and (2) the violated rights were clearly established at the time of the events in question. *Shroff v. Spellman*, 604 F.3d 1179, 1188 (10th Cir.2010). [The court has] discretion to determine which prong of the immunity defense to address first, in light of the circumstances of the case at hand, and may resolve the question by finding either requirement is not met. *Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir.2009) (citing *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009)).

*Mascorro v. Billings*, __ F.3d __, 2011 WL 3836439, 3 (10th Cir. Aug. 31, 2011).

The Plaintiff is required to specifically articulate the clearly established constitutional right which was violated, and the defendant's conduct which violated it.

> In order to carry [this] burden, the plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it. Rather, the plaintiff must articulate the clearly established constitutional right and the defendant's conduct which violated the right with specificity....

*Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995) (citations omitted). Plaintiff fails to meet this burden, as he alleges only "… it is clear that a reasonable officer would have understood in July of 1998 that an arrest without probable cause would violate the constitutional right to be free from unreasonable seizures." Dk. 31, p. 6.

Nonetheless, the Court examines the merits of this claim, analyzing Plaintiff's allegation of arrest without probable cause under the Fourth Amendment, instead of under the more general considerations of due process. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims" (internal quotation marks omitted).) Plaintiff's burden is thus to show that a reasonable officer in Officer Gross's shoes would have known that she lacked probable cause to arrest Plaintiff for domestic battery.

11

"Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Buck v. City of Albuquerque*, 549 F.3d 1269, 1281 (10th Cir. 2008) (internal quotation marks omitted). That question turns solely on whether the officer held an objectively reasonable belief that Plaintiff was violating the law, even if he was not in fact violating the law. *See United States v. Herrera*, 444 F.3d 1238, 1246 (10th Cir. 2006) ( "This court has consistently held that an officer's mistake of fact … may support probable cause …, provided the officer's mistake of fact was objectively reasonable." (quotation omitted)). The determination of probable cause is measured against an objective standard which considers the totality of the circumstances known to the officers involved in the investigation.

> "Probable cause to arrest exists only when the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *United States v. Valenzuela*, 365 F.3d 892, 896 (10th Cir. 2004) (quotation omitted). "Probable cause is measured against an objective standard of reasonableness and may rest on the collective knowledge of all officers involved in an investigation rather than solely on the knowledge of the officer who made the arrest." *United States v. Zamudio-Carrillo*, 499 F.3d 1206, 1209 (10th Cir. 2007). In determining whether probable cause to arrest exists, we "evaluate[] . . . the circumstances as they would have appeared to prudent, cautious and trained police officers." *United States v. Davis*, 197 F.3d 1048, 1051 (10th Cir. 1999) (quotation omitted).

*United States v. Chavez*, ___ F.3d ___ (10th Cir. Oct. 18, 2011).

On the date of Plaintiff's arrest, the crime of battery was defined in

K.S.A. 21-3412(a)(1) (1996) to include "[i]ntentionally or recklessly causing bodily harm to another person." The statute added: "[d]omestic battery means a battery against a family or household member by a family or household member," and defined a "family or household member" to include persons 18 years of age or older who are spouses or former spouses. K.S.A. 21-3412(c)(4). *See* Kansas Session Laws 1996, ch. 211, § 4.

The Court finds that a reasonable officer would have found that the elements required by the domestic battery statute were met in this case. The uncontroverted facts establish that Officer Gross was told by dispatch to go to a location from which two 911 calls had been placed, then prematurely terminated. Once there, Officer Gross was invited inside where she was told by the victim that she and Plaintiff had been arguing and that Plaintiff had grabbed her, had bitten her breast and pushed her through the living room. The victim also furnished a written statement to that effect. Officer Gross examined the victim at the scene and saw a bite-shaped bruise on her breast, a scrape on her shoulder and a possible bruise under her right eye. These injuries constitute bodily harm. Plaintiff admitted that he had bitten the victim, thus he admittedly caused the bodily harm. Plaintiff does not dispute that he was in the same family or household as the victim, and refers to her as his "wife" or "former wife," and refers to the "house where I was living with my wife Robin." Doc. 1, p. 2-3. *See also* Doc. 31, p. 5 ("his wife"). Plaintiff thus does not dispute that he caused bodily harm to his

13

family or household member.

Plaintiff apparently challenges only his mental state, contending that it was accidental and not intentional. The statute, however, requires only recklessness.

> Reckless conduct is "conduct done under circumstances that show a realization of the imminence of danger to the person of another and a conscious and unjustifiable disregard of that danger. The terms 'gross negligence,' 'culpable negligence,' 'wanton negligence' and 'wantonness' are included within the term 'recklessness' as used in this code." K.S.A. 21–3201(c).

*State v. Seuser*,  2010 WL 2217572, 3 (Kan.App. 2010).

Conduct which is accidental is not intentional, but may nonetheless be reckless.

> The reckless requirement of the charged offense, here, does not require any specific state of mind to commit an offense. Rather, the statute merely requires a person to take an unjustifiable risk which results in a harmful touching to the person of another. In other words, the harm to another need not be intentional, in the sense the offender intended physical contact with the other person but included accidental physical contact which harms the person, although the harm may not be intended.

*State v. Spicer*, 30 Kan.App.2d 317, 324, 42 P.3d 742, 748 (Kan.App. 2002). Thus even assuming the truth of Petitioner's assertion that he bit the victim accidentally, an officer in Officer Gross's position could reasonably have believed that Plaintiff's acts in causing the victim bodily harm, including the bite, were reckless. The statute requires no more.

The information available to Officer Gross established probable cause to arrest the Plaintiff for domestic battery. Accordingly, the uncontested

14

facts establish no violation of Plaintiff's constitutional rights. The Court therefore dismisses Plaintiff's case against Officer Gross based upon the statute of limitations, and alternatively grants summary judgment in favor of Officer Gross based on her qualified immunity from suit.

IT IS THEREFORE ORDERED that Defendant's motion for judgment on the pleadings and for summary judgment (Doc. 28) is granted.

Dated this 20th day of October, 2011.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge